```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JORGE PECEROS PERALTA, FREDY
VILLATORO, GERZO MARIO ZALDIVAR,
and MARVIN ZALDIVAR, Individually
and on behalf of all others
similarly situated,

                        Plaintiffs,

        -against-                            MEMORANDUM & ORDER
                                             11-CV-0867(JS)(AKT)
SOUNDVIEW AT GLEN COVE, INC. and
BARBARA GRAZIOSE,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Steven John Moser, Esq.
                    1 School Street, Suite 303
                    Glen Cove, NY 11542

For Defendants:     Robert Connolly, Esq.
                    Bee Ready Fishbein Hatter & Donovan, LLP
                    170 Old Country Road, Suite 200
                    Mineola, NY 11501
```

SEBYERT, District Judge:

On October 26, 2012, the Court ordered both parties to file a letter stating their position on maintaining the confidentiality of their proposed settlement in this Fair Labor Standards Act ("FLSA") case. (Docket Entry 24.) As the parties have not sufficiently overcome the presumption of public access applicable to FLSA settlements, they shall either submit the proposed settlement for the Court's review or provide the Court with a letter indicating their intention to withdraw the settlement within thirty days of entry of this Memorandum and

Order.

## BACKGROUND

Jorge Peceros Peralta, Fredy Villatoro, Gerzo Mario Zaldivar, and Marvin Zalvidar (collectively "Plaintiffs"), brought this collective action against Soundview at Glen Cove, Inc. and Barbara Graziose (collectively "Defendants") pursuant to the FLSA for unpaid overtime. (Compl., Docket Entry 1.) Plaintiffs were kitchen staff employed by Defendants. (Id. ¶ 17.) Plaintiffs claim to have worked in excess of 40 hours per week, and in excess of 80 hours per week during summer months. (Id. ¶¶ 18-19.) According to Plaintiffs, they were not paid one and one-half times the regular rate as required by 29 U.S.C. § 207 (F.L.S.A. § 207) and 12 NYCRR § 142-2.2 for hours worked in excess of 40 hours per week. (Id. ¶ 20.) Plaintiffs also contend that they were not paid the spread of hours premium as required by the New York Codes, Rules & Regulations. (Id. ¶¶ 21-22.)

On January 20, 2012, the parties filed a stipulation of dismissal. (Docket Entry 20.) However, the parties did not submit the settlement agreement for the Court's review. On July 26, 2012, the Court ordered the parties to submit the settlement agreement or provide the Court with a status update within thirty days. (Docket Entry 21.) Plaintiffs wrote to the Court on August 13, 2012, stating that the settlement agreement is

confidential.  (Docket Entry 22.)  Defendants wrote on August 27, also stating that the agreement is confidential and requesting a conference.  (Docket Entry 23.)

The Court held a conference on October 26, 2012 and ordered that the parties file letters stating their position on the necessity of judicial approval of the settlement.  (Docket Entry 24.)  Plaintiffs responded that judicial approval is required.  (Docket Entry 25.)  Defendants, however, have asked that this Court follow Fifth Circuit precedent set in Martin v. Spring Break '83 Productions, L.L.C., 688 F.3d 247 (5th Cir. 2012), in which the Fifth Circuit allowed individuals to privately settle their FLSA claims.  (Docket Entry 26.)

## DISCUSSION

It is well settled in this Circuit that judicial approval of, and public access to, FLSA settlements is required. See, e.g., Wolinsky v. Scholastic Inc., --- F. Supp. 2d ----, No. 11-CV-5917, 2012 WL 2700381, at *1 (S.D.N.Y. July 5, 2012). See also Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483, 2011 WL 5508972, at *1 (E.D.N.Y. Nov. 10, 2011) ("Because judicial approval is required for settlement under the FSLA, settlement agreements in FLSA cases are judicial documents to which a presumption of public access applies."); Xue Lian Lin v. Comprehensive Health Mgmt., Inc., No. 08-CV-6519, 2009 WL 2223063, at *1 (S.D.N.Y. July 23, 2009) ("Any document

reflecting the terms of the settlement and submitted to the Court is a 'judicial document' to which the presumption of access likely applies." (citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006))). To overcome the presumption of public access, "the parties must make a substantial showing of need" that the terms of their settlement should not be filed on the public docket. Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925, 2011 WL 282327, at *2 (E.D.N.Y. Jan. 25, 2011)); accord Martinez, 2011 WL 5508972, at *1. Rather than attempting to make a "substantial showing of need" under the facts of this case, Defendants have presented the Court with particular case law regarding confidentiality and judicial approval of FLSA settlements.

For example, Defendants cite to Martin v. Spring Break '83 Productions, L.L.C., ("Spring Break '83") 688 F.3d 247 (5th Cir. 2012) cert. denied, 133 S. Ct. 795, 184 L. Ed. 2d 583 (2012), for the proposition that judicial review or approval is not needed. (Def.'s 11/26/12 Letter, Docket Entry 26.) Notably, Spring Break '83 is not binding precedent on this Court. However, the Court will briefly discuss the opinion.

In Spring Break '83, plaintiff-appellants were Union member film production grips who brought claims under the FLSA for unpaid wages against, inter alia, Spring Break Louisiana, L.L.C. ("Spring Break Louisiana"), the film production company.

Spring Break '83, 688 F.3d at 249. The Union that appellants belonged to had previously entered into a collective bargaining agreement with Spring Break Louisiana, which recognized the Union as the exclusive representative of the employees, including appellants, in the bargaining unit. Id. After appellants filed a grievance against Spring Break Louisiana for unpaid wages, the Union investigated appellants' claims but concluded that, "it would be impossible to determine whether or not Appellants worked on the days they alleged they had worked." Id. Following this investigation, the Union entered into a settlement agreement with Spring Break Louisiana which provided for the payment of the allegedly unpaid wages, and included a provision prohibiting the Union members from pursuing future legal action against Spring Break Louisiana. Id. at 249-50, 253-54. Before the settlement agreement between the Union and Spring Break Louisiana was signed, appellants filed suit under the FLSA against appellees in the Superior Court of the State of California. Id. at 249-50.

The Fifth Circuit ultimately affirmed the District Court's grant of summary judgment and released any FLSA claims against Spring Break Louisiana because appellants had accepted settlement payments for those claims. Id. at 249. In so holding, the Fifth Circuit affirmed the District Court's finding that "'a private compromise of claims under the FLSA is

permissible where there exists a bona fide dispute as to liability.'" Id. at 255 (quoting Martinez v. Bohls Bearing Equip. Co., 361 F. Supp. 2d 608 (W.D. Tex. 2005)).

Spring Break '83 is distinguishable from the instant case. There, the Fifth Circuit "reiterate[d] that FLSA substantive rights may not be waived in the collective bargaining process, however, [in Spring Break '83], FLSA rights were not waived, but instead, validated through a settlement of a bona fide dispute, which Appellants accepted and were compensated for." Id. at 257. In the typical case, though, it is not uncommon for there to be some potential defense, and without a finding of a bona fide dispute, the reasoning of Spring Break '83 is not applicable. See Martin v. Kristal Auto Mall Corp., No. 12-CV-3439, 2013 U.S. Dist. LEXIS 8499, at *3 n.2 (E.D.N.Y. Jan. 22, 2013) (distinguishing Spring Break '83 because, in Spring Break '83, there had been a factual finding of a bona fide dispute).

Furthermore, Spring Break '83 involved a settlement that had taken place primarily outside of the context of litigation, and, indeed, primarily before litigation began. Spring Break '83, 688 F.3d at 249-50. In the case at bar, the parties seek settlement well after commencement of the case.

Furthermore, Defendants' November 26, 2012 letter notes that "the respective parties have complied with all the

terms of the Agreement, including payment in full." (Docket Entry 26 at 1.) However, this Court has previously warned counsel for Plaintiff that FLSA settlements require court approval to be binding and enforceable. Chavez v. White Post Wholesale Growers, Inc., No. 12-CV-1348 (Docket Entry 16) (collecting cases).

## CONCLUSION

For the foregoing reasons, the Court cannot approve the Agreement at this time. Accordingly, the parties may proceed in one of two ways:

(1) The parties may file on the public docket a revised Agreement that does not include a confidentiality provision together with a Stipulation of Dismissal; or

(2) The parties may file a letter indicating their intention to abandon their settlement and continue to litigate this action.

The parties must take one of the above-mentioned actions within thirty (30) days of the date of this Order.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

Further, Plaintiff's counsel is ORDERED to immediately return any funds received in their entirety or risk being sanctioned by this Court and/or referred to the Attorney Disciplinary Grievance Committee. Counsel for Defendants is directed to notify the Court in writing upon receipt of such funds.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  May __16__, 2013
        Central Islip, NY